## Schleiden, Appellant, *v.* Schleiden.

*Trusts—Resulting trusts—Contribution of purchase price of real estate—Decree—Evidence—Sufficiency.*

In a suit in equity to have a resulting trust declared in favor of a wife, who had contributed part of the purchase price of certain real estate, it appeared that the wife had made such a contribution and that the property had subsequently been sold at a profit and other property bought with the proceeds.

Under such circumstances a decree declaring a trust in favor of the wife to the amount actually contributed will be modified so as to

include the proportionate share of the profits of the first transaction.

With such modification the decree will be affirmed, where the evidence supports the findings of the chancellor.

Argued May 1, 1924. Appeal, No. 168, April T., 1924, by plaintiff, from decree of C. P. Allegheny Co., April T., 1923, No. 34, sitting in equity, in the case of Sarah A. Schleiden v. Albert A. Schleiden. Before Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Modified.

Bill in equity to have a resulting trust declared in favor of plaintiff in certain real estate. Before Drew, J.

The facts are stated in the opinion of the Superior Court.

The court issued the following decree:

And now, to wit, this case came on to be heard further at this term and was argued by counsel, and upon consideration thereof, it is ordered, adjudged and decreed, as follows:

First: That the said defendant, Albert L. Schleiden, does hold the legal title to all the property or real estate at No. 328 Sylvania Avenue, Eighteenth Ward, Pittsburgh, Pa., as described in the plaintiff's bill of complaint as trustee for the plaintiff, Sarah A. Schleiden, to the extent of an interest therein to wit: of three hundred forty-five and 71/100 dollars.

Second: That the said Albert L. Schleiden be now and he is hereby perpetually enjoined and strictly prohibited from delivering over possession of said real estate to any person, or from assigning or disposing of any interest therein by conveyance or otherwise until he pays the said amount of $345.71 to the plaintiff.

Third: That the injunction heretofore granted by the court against the said Albert L. Schleiden be, and the same is hereby, continued and made permanent until the said defendant has complied with the terms of this decree.

478      SCHLEIDEN Appel., *v.* SCHLEIDEN.

Fourth: That the said Albert L. Schleiden pay the costs of this proceeding.

*Error assigned* was, among others, the decree of the court.

*Horace J. Miller,* for appellant, cited: McKendrey v. McKendrey, 131 Pa. 24; Heckman v. Heckman, 215 Pa. 203; Dorsett v. Dorsett, 226 Pa. 334; Ireland v. Ireland, 244 Pa. 489; Schomaker v. Schomaker, 247 Pa. 444; Heath v. Slocum, 115 Pa. 549; Light v. Zeller, 144 Pa. 582; McCormick v. Cooke, 199 Pa. 631.

*James M. Clark,* for appellee.

OPINION BY LINN, J., July 2, 1924:

Plaintiff, appellant, was married to defendant in 1884; differences arose and they separated. She filed this bill to have a resulting trust declared in her favor in certain real estate, to which he had the legal title, on averments that it was partially paid with the proceeds received by him on the sale of other real estate to which he held title, but to the payment of which she had contributed a part of the cash consideration. The husband filed an answer denying that she paid anything. The case was tried and the court found that she contributed $345.71 to the purchase of the real estate and entered a decree that he was trustee for her "to the extent of the interest therein, to wit: $345.71" and restraining him from conveying "until he pays the said amount of $345.71" to the plaintiff. She has appealed, contending that her interest was $1,345.71.

It appeared that in 1906 they purchased premises No. 23 Albert Street, Mt. Washington, for $2,500 and that she contributed $345.71 to the consideration. They sold that property for $3,000. In 1920, the proceeds of that sale were used to purchase No. 328 Sylvania Avenue, Pittsburgh, to which title was taken in defendant's name and in which complainant's interest is fixed by the decree.

The evidence supports the findings of fact, to which plaintiff excepts, but on those findings we think the decree should be enlarged; the property to whose purchase she contributed $345.71, was sold at a profit of $500, in which she also had her proportionate interest, and as that interest, with what she had originally contributed, was part of the purchase price of the Sylvania Avenue property, it should be protected by the decree.

Her argument was devoted to another matter. In her bill she charged that on the sale of No. 23 Albert Street for $3,000, defendant, out of that sum, handed her $2,000 "with the understanding that she was to deposit the same in a joint account in the Union Savings Bank of Pittsburgh, in the names of [herself] and defendant, which she accordingly did." Defendant denied that allegation and averred that he deposited that sum "in the name of Albert L. Schleiden or Sarah A. Schleiden...... that in case of this defendant's death, the said Sarah A. Schleiden would be in a position to withdraw said money from the Union Savings Bank." The evidence showed that the deposit was made to "Albert L. Schleiden or Sarah A. Schleiden." It was withdrawn by him in 1920 and used in the payment of the Sylvania Avenue property and the court found that "Sarah A. Schleiden had no title to any of said money and was not to acquire any title excepting in the case of the death of Albert L. Schleiden." Plaintiff complains of that finding. The evidence supports it, which is all that need be said now.

For the reason stated, however, we must direct a modification of the decree.

The record is remitted to the court below, with instructions to enlarge the decree by including in the value of plaintiff's interest in the premises therein described, the extent of her proportionate interest in the profit of $500 made in the sale of No. 23 Albert Street; in other respects the assignments of error are overruled; costs to be paid by appellee.